**E-Filed 12/16/2008**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JAMES ALAN BUSH,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DEPARTMENT OF JUSTICE, FEDERAL BUREAU OF INVESTIGATION, MICHAEL B. MUKASEY,<br><br>　　　　　Defendants. | Case Number C 08-3842 JF (RS)<br><br>ORDER[1] GRANTING MOTION TO DISMISS<br><br>[re: doc. no. 23] |

　　　　Defendants Department of Justice, Federal Bureau of Investigation ("FBI"), and Michael B. Mukasey move to dismiss the instant case for lack of subject matter jurisdiction. In the alternative, Defendants move for summary judgment. The Court has considered the briefing submitted by the parties and has determined that the motion is appropriate for disposition without oral argument pursuant to Civil Local Rule 7-1(b).[2] For the reasons set forth below, Defendants'

---

[1] This disposition is not designated for publication and may not be cited.

[2] Plaintiff objected to the Court's decision to consider the motion without oral argument, citing case law suggesting that a district court may not deny a request for oral argument by the nonmoving party on a motion for summary judgment. However, the case law cited by Plaintiff applies only to motions for summary judgment, not to motions to dismiss for lack of jurisdiction.

motion will be granted, without leave to amend.

## I. BACKGROUND

Plaintiff seeks to compel the FBI to honor a request for records made pursuant to the Freedom of Information Act ("FOIA"). The complaint alleges that Plaintiff filed a request for records with the FBI "on or about February, 2007." Compl. ¶10. The FBI states that it has no record of such a request, but it has presented evidence indicating that Plaintiff visited an FBI office in San Jose on December 10, 2007. At that time, Plaintiff wrote on a walk-in complaint form that the purpose of his visit was to "[f]ollow up on police brutality complaint," but he left the office without speaking to any agent. Wilson Decl. at 2; Scharf Decl. Ex. E. Plaintiff made a second visit to the San Jose office on December 19, 2007, and the duty agent's records state that the Plaintiff "talked to another agent about voices in head, no doctor," and that Plaintiff "was told [that the FBI] can not help." *Id*. Plaintiff visited the San Jose office again on December 27, 2007. On this occasion, Plaintiff's made several notations on a walk-in complaint form that accused the FBI of failing to investigate allegations of police brutality. Wilson Decl. at 2-3; Scharf Decl. Ex. E. Plaintiff also indicated that he would file a civil suit unless the FBI acquiesced to his demands. *Id*.

Plaintiff filed the instant action on August 12, 2008. The operative complaint seeks injunctive relief and requests an order compelling the FBI to respond to Plaintiff's FOIA requests. Defendants filed an answer on October 3, 2008; they now move to dismiss for lack of subject matter jurisdiction because Plaintiff has filed what appears to be a facially proper FOIA request, dated November 17, 2008, thus mooting the allegations in the complaint.[3]

---

Because it appears that the motion to dismiss is meritorious, the Court has discretion to consider the motion on the briefs, without oral argument. *See* Fed. R. Civ. P. 78(b); *Miles v. Dep't of Army*, 881 F.2d 777, 784 (9th Cir. 1989) ("A district court has wide discretion in deciding whether oral testimony shall be heard in support of a motion.").

[3] Defendants have submitted evidence demonstrating that Plaintiff acknowledged on at least one occasion that his original FOIA request was not made in writing. On a separate occasion, Plaintiff stated that he made a request in the form of a written "subpoena" as well as a "hand-written note left with the receptionist." Scharf Decl. at 2-3 and Ex. C. However, Plaintiff has not presented a copy of the "subpoena." It is unclear if the hand-written note was a separate

## II. LEGAL STANDARD

For purposes of a motion to dismiss, the plaintiff's allegations are taken as true, and the Court must construe the complaint in the light most favorable to the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). The pleading of a *pro se* litigant is held to a less stringent standard than a pleading drafted by an attorney and is to be afforded the benefit of any doubt. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988). Further, a *pro se* litigant must be given leave to amend unless it is absolutely clear that the deficiencies of the complaint cannot be cured by amendment. *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).

"A Rule 12(b)(1) jurisdictional attack may be facial or factual." *Safe Air For Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). In a facial attack, the moving party asserts that the allegations in the complaint are insufficient on their face to invoke federal jurisdiction. *Id*. In a factual attack, the moving party disputes the truth of the allegations in the complaint, which otherwise would be sufficient to invoke federal jurisdiction. *Id*. In resolving a facial attack, the Court accepts the allegations in the complaint as true. *Whisnant v. United States*, 400 F.3d 1177, 1179 (9th Cir. 2005). In resolving a factual attack, the Court need not presume the truthfulness of the allegations set forth in the complaint and may consider evidence beyond the face of the complaint without converting the motion to dismiss into a motion for summary judgment. *Id*.; *Safe Air*, 373 F.3d at 1039. Once the moving party has presented affidavits or other evidence tending to show that subject matter jurisdiction does not lie, the plaintiff must present affidavits or other evidence sufficient to establish subject matter jurisdiction. *Safe Air*, 373 F.3d at 1039.

## III. DISCUSSION

Defendants argue that dismissal is proper because it is apparent that Plaintiff did not submit a proper FOIA request prior to filing the instant complaint and thus failed to exhaust his administrative remedies prior to seeking judicial review. Subsequent to the filing of the instant

---

request in addition to the written notes left with personnel at the FBI's San Jose office during December 2007.

motion, Plaintiff submitted a copy of what appears to be a facially proper FOIA request. As discussed in further detail below, this request effectively divests the Court of jurisdiction.

Guidance with respect to a proper FOIA request may be found in 28 C.F.R. § 16.3 and at the FOIA website maintained by the Department of Justice at www.usdoj.gov/oip/index.html. Among other requirements, a FOIA request should be in writing and "describe the records that [are sought] in enough detail to enable Department personnel to locate them with a reasonable amount of effort. Whenever possible, [the] request should include specific information about each record sought, such as the date, title or name, author, recipient, and subject matter of the record." 28 C.F.R. 16.3(b).

Here, Plaintiff's initial requests did not comply substantially with the requirements of FOIA. Plaintiff essentially admitted to such a deficiency by submitting a formal written request on or around November 17, 2008. The record contains no evidence tending to show that Plaintiff's initial requests were sufficient to obligate the FBI to respond, and accordingly the Court lacks jurisdiction to consider the allegations in Plaintiff's complaint. *See Aguirre v. S.S. Sohio Intrepid*, 801 F.2d 1185, 1189 (9th Cir. 1986) ("Where the question sought to be adjudicated has been mooted by developments subsequent to the filing of the complaint, no justiciable controversy is presented."). *See also Rivera v. Freeman*, 469 F.2d 1159, 1162-63 (9th Cir. 1972) ("The limited jurisdiction of all federal courts requires, preliminarily, that there be a 'case' or 'controversy' in existence.").

Moreover, as with most agency actions, exhaustion of administrative remedies with respect to a disputed FOIA request is required prior to judicial review. *See Spannaus v. U.S. Dep't of Justice*, 824 F.2d 52, 58 (D.C. Cir. 1994). When a proper FOIA request is received, the receiving agency shall:

> (i) determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with such request and shall immediately notify the person making such request of such determination and the reasons therefor, and of the right of such person to appeal to the head of the agency any adverse determination; and
>
> (ii) make a determination with respect to any appeal within twenty days (excepting Saturdays, Sundays, and legal public holidays) after the

receipt of such appeal. If on appeal the denial of the request for records is in whole or in part upheld, the agency shall notify the person making such request of the provisions for judicial review of that determination under paragraph (4) of this subsection.

5 U.S.C. § 552(a)(6)(A). The timelines for each of the determinations described above may be extended by an additional ten days if there are unusual circumstances and notification of such an extension is provided to the requestor in writing. 5 U.S.C. § 552(a)(6)(B). If an agency fails to respond to a request within the time provided, "constructive" exhaustion of administrative remedies has occurred and the requestor may seek judicial review. *Spannaus*, 824 F.2d 52 at 58.

Even assuming that Plaintiff's recent written request constitutes a proper FOIA request, the deadline for the FBI to respond to such a request has not yet expired. Plaintiff's written request was filed on November 17, 2008. Even if the FBI received the request that same day (which is unlikely considering that the correspondence address for information requests is in Virginia), twenty business days would not have elapsed until December 16, 2008. As such, the Court may not consider any issues related to Plaintiff's formal written request of November 17, 2008 until sufficient time has elapsed and/or the FBI notifies Plaintiff that it will not honor his formal FOIA request. *See Spannaus*, 824 F.2d at 58.

### IV.  ORDER

Good cause therefor appearing, IT IS HEREBY ORDERED that Defendants' motion to dismiss is GRANTED, without leave to amend. However, this ruling is without prejudice to a subsequent action based upon the FOIA request made by Plaintiff on or about November 17, 2008, if that request is in fact rejected and Plaintiff exhausts all administrative remedies available to him.

IT IS SO ORDERED.

DATED:  December 16, 2008

_____
JEREMY FOGEL
United States District Judge

5

Case No. C 08-3842 JF (RS)
ORDER GRANTING MOTION TO DISMISS
(JFLC1)

1 | This Order has been served upon the following persons:

2 | James A. Scharf     james.scharf@usdoj.gov, mimi.lam@usdoj.gov

3 | James Alan Bush
  | 1211 East Santa Clara Avenue #4
4 | San Jose, CA 95116